IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-60891
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BURNELL HARRIS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CR-1-1

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Burnell Harris, the former circuit clerk of Jefferson County, Mississippi, appeals his convictions and sentence for three counts of embezzlement from a local government that receives federal funds by an agent of the local government in violation of 18 U.S.C. § 666(a)(1), two counts of money laundering, and four counts of tax evasion. Harris argues that the district court erred by refusing to dismiss the embezzlement counts because he was not an agent of Jefferson

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

County under § 666(d)(1) pursuant to this court's decision in United States v. Phillips, 219 F.3d 404 (5th Cir. 2000). Relying primarily upon the Ninth Circuit's ruling in United States v. Wyncoop, 11 F.3d 119 (9th Cir. 1993), Harris asserts that the embezzlement counts should have been dismissed because there was no connection between the money he embezzled, the circuit clerk's office, and any federal funds received by Jefferson County. Harris additionally maintains that the money laundering counts and some forfeiture counts that were based upon the embezzlement counts should have also been dismissed.

Because the jury was required to find that all of the elements of § 666(a)(1) were met in order to find Harris guilty, we review the evidence in the light most favorable to the Government as the prevailing party at trial. See Phillips, 219 F.3d at 409. We review issues of law de novo. Id.

As this court noted in Phillips, 219 F.3d at 411, § 666(d)(1) defines agent very broadly. By the terms of § 666(d)(1), a county officer is an agent of the county, and Mississippi law identifies circuit clerks as county officers. See Ms. CONST. art. V, § 138. Harris, as the circuit clerk of Jefferson County, collected fees that were property of Jefferson County once the amount of fees collected exceeded the maximum amount allowed for his salary. See MISS. CODE ANN. § 9-1-43(1). Harris directed and controlled deputy clerks, who were county employees. See MISS. CODE ANN. § 9-7-126(1). Harris, as an officer of Jefferson County, collected money belonging to Jefferson County and was authorized to act on behalf of Jefferson County in directing Jefferson County employees; Harris was, therefore, an agent of Jefferson County. See § 666(d)(1); United States v. Moeller, 987 F.2d 1134, 1137-38 (5th Cir. 1993).

Harris's reliance on Phillips is unpersuasive. In Phillips, 219 F.3d at 411-15, this court ruled that the defendant, the former tax assessor of St. Helena Parish, Louisiana, was not an agent of St. Helena Parish under § 666(d)(1), because Louisiana law completely separated the tax assessor's office from the parish government. Circuit clerks, however, are not completely separated from

county governments in Mississippi, and Phillips is not applicable in the present case. See Ms. CONST. art. V, § 138; MISS. CODE ANN. §§ 9-1-43(1), 9-7-126(1).

While the circuit clerk's office did not receive federal funds, Harris was charged with, and found guilty of, being an agent of Jefferson County and embezzling money that was owned by Jefferson County. Harris was an agent of Jefferson County for the purposes of § 666. The evidence showed that Harris embezzled more than $5,000 belonging to Jefferson County in the relevant years and that Jefferson County received more than $10,000 in grants from the federal government during the relevant years. Thus, the evidence showed that the elements of the § 666(a)(1) offense were met. See § 666(a)(1), (b); Phillips, 219 F.3d at 409-10. Harris's contention that there should be an additional nexus element to a § 666(a)(1) offense has been rejected in the context of prosecutions under § 666(a)(2) for bribery of a public official. See Sabri v. United States, 541 U.S. 600, 604-08 (2004); United States v. Lipscomb, 299 F.3d 303, 309-16 (5th Cir. 2002). The elements of the offenses under § 666(a)(1) and § 666(a)(2) are identical except that § 666(a)(1) prohibits theft and accepting bribes while § 666(a)(2) prohibits bribery, and there is no reason to distinguish between § 666(a)(1) and § 666(a)(2) on the issue of whether a nexus between the theft or bribery and the federal funds is required. See United States v. Spano, 401 F.3d 837, 840 n.2 (7th Cir. 2005). Harris's reliance on Wyncoop, 11 F.3d at 120-23, is misplaced as that case involved a defendant who was employed by a private school that received no direct federal funding, a factual situation far different from the present case.

Harris argues that the district court violated his Fifth Amendment right to due process and Sixth Amendment right to trial by an unbiased jury by refusing his motion for a new trial on the grounds of juror misconduct and mid-trial publicity. Harris maintains that a newspaper article about the trial was unduly prejudicial and that the district court should have specifically asked the jurors whether they had seen the article. He asserts that his counsel saw two

jurors, including a white male juror who was placed on the jury over his preemptory strike, with newspaper in their possession talking to each other and three other jurors during a recess in the trial. He maintains that the white male juror should not have been put on the jury. He argues that the jury was biased because of a comment made by a prospective juror during voir dire that African-American public officials in the area were being prosecuted. He asserts the jury's bias was demonstrated by the fact that the jury deliberated for less than an hour and a half before finding him guilty. He maintains that the district court violated his Fifth and Sixth Amendment rights by not providing him the names of the members of the jury pool until the morning of trial. He contends that the late disclosure of the names of the jury pool members prejudiced him because he would have found that one of the jurors was running for public office against his nephew if he had had more time to investigate.

We review the district court's refusal to grant a new trial on these claims for an abuse of discretion. See United States v. Martinez-Moncivais, 14 F.3d 1030, 1036 (5th Cir. 1994). A motion for a new trial based on any ground other than newly discovered evidence must be filed with seven days of the jury verdict. FED. R. CRIM. P. 33(b)(2).

The record shows that Harris knew about the newspaper article, the incident involving the jurors with the newspaper, the prospective juror's comment during voir dire, and the timing of the release of the names of the members of the jury pool prior to the verdict in the trial.[1] Harris did not seek a mistrial based on these issues, nor did he request that the district court specifically inquire whether any members of the jury had read the newspaper article. The motion for a new trial was filed more than seven days after the

---

[1] In the district court, Harris raised a second allegation that jurors were seen reading the newspaper during a recess in the trial that was arguably based on newly discovered evidence. In this court, he does not argue that he was entitled to a new trial on the basis of this allegation.

verdict was rendered, and the Government objected to the timeliness of the motion.

The district court determined that Harris's motion for a new trial was untimely for all claims not based upon newly discovered evidence, and Harris does not challenge that ruling. Accordingly, Harris's claims regarding the newspaper article, the incident involving jurors in possession of the newspaper, the comment during voir dire, and the timing of the release of the names of the members of the jury pool were not timely raised because they were not based upon newly discovered evidence. See United States v. Jones, 597 F.2d 485, 488-89 (5th Cir. 1979). Furthermore, Harris waived the claims of juror misconduct because he knew about them prior to the verdict but did not seek act upon them. See id. at 488 n.3. To the extent that Harris raises a separate claim that the district court improperly put the white male juror on the jury, he has not properly briefed the issue and, therefore, has waived it. See FED. R. APP. P. 28(a)(9); see also United States v. Gourley, 168 F.3d 165, 172 n.11 (5th Cir. 1999). Harris's argument that the jury was biased because of the short length of its deliberations is unavailing as Harris has not argued or shown that the jury's verdict was not supported by the evidence. See Guar. Serv. Corp. v. American Employers' Ins. Co., 893 F.2d 725, 729 (5th Cir. 1990).

Harris argues that he is entitled to a new trial because the district court improperly admitted certain evidence over his objections. Harris has not identified what evidence was improperly admitted, and his argument on this issue does not include any citations to the record or law beyond boilerplate citations of FED. R. CRIM. P. 16 and cases concerning the standard of review. As Harris has not properly briefed this issue, he has waived it. See FED. R. APP. P. 28(a)(9); see also Gourley, 168 F.3d at 172 n.11.

AFFIRMED.